UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JUAN RAMIREZ,<br><br>                Plaintiff,<br><br>     v.<br><br>COUNTRY MUTUAL INSURANCE COMPANY, an Illinois company,<br><br>                Defendant. | NO: 2:16-CV-0281-TOR<br><br>ORDER GRANTING MOTION FOR PROTECTIVE ORDER |

BEFORE THE COURT are Defendant Country Mutual Insurance Company's Motion for Protective Order (ECF No. 33) and corresponding Motion to Expedite (ECF No. 38). The motions were submitted for consideration without oral argument. The Court has reviewed the file and the records therein, and is fully informed.

Defendant requests the Court enter a Protective Order to change the location of depositions to where the witnesses reside. ECF No. 33 at 2. According to Defendant:

ORDER GRANTING MOTION FOR PROTECTIVE ORDER ~ 1

Plaintiff has set the depositions of Country's employees Christopher Thielbar and Jim Lefebvre to take place in Wenatchee, Washington on December 14, 2017. Mr. Thielbar is employed as a Senior Special Investigator for Country Mutual, he resides in Graham, Washington, and his primary work location is out of his residence in Graham, Washington. *See* Declaration of Chris Thielbar. Mr. Lefebvre is a Senior Claims Representative for Country Mutual, he resides in West Seattle, and his primary work location is in Federal Way, Washington. *See* Declaration of Jim Lefebvre.

ECF No. 33 at 2.

Plaintiff opposes the Motion for Protective Order. ECF No. 39. Plaintiff first argues that state procedural rules should apply. Plaintiff then argues that the deponents are speaking agents of Defendant and thus fit within the broad category of "officers, directors, or managing agents" making them parties to this suit. ECF No. 39 at 2-9. Plaintiff concedes the deposition of a corporate party ordinarily should take place at its place of business (Illinois), but then argues, because of financial hardship and disparity in financial resources, the Court should order the depositions to take place in Chelan County where Defendant conducts business. ECF No. 39 at 8-9.

"Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." *In re Cty. of Orange*, 784 F.3d 520, 523–24 (9th Cir. 2015) (quoting *Gasperini v. Ctr. For Humanities, Inc.*, 518 U.S. 415, 427 (1996)). Thus, the Federal Rules of Civil Procedure apply here. Rule 45 sets the geographical limits on the place of compliance for a deposition

subpoena—"A subpoena may command a person to attend a . . . deposition only as follows: (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person (i) is a party or a party's officer. . . ." Fed. R. Civ. P. 45(c). Rule 45 also provides that upon motion, "the court for the district where compliance is required must quash or modify a subpoena that . . . requires a person to comply beyond the geographical limits specified in Rule 45(c) . . . ." Fed. R. Civ. P. 45(d)(3)(A)(ii).

The deponents are not parties nor are they officers [directors or managing agents] of Country Mutual, they are lower level employees. *See* Rule 45(c) and Advisory Committee Notes, 2013 Amendment. The Rule does not differentiate between speaking and non-speaking agents. The 2013 Amendment to Rule 45(c) resolved "a split in interpreting Rule 45's provisions for subpoenaing parties and party officers." Advisory Committee Notes, 2013. While nonparty witnesses require the use of a subpoena to compel their attendance, parties, officers, directors and managing agents need not involve use of a subpoena.

As such, these deponents may only be required to attend a deposition within 100 miles of where they reside, are employed or regularly transact business in person. Wenatchee is not within 100 miles of any of these locations, however, Tacoma is within 100 miles.

Pursuant to Rule 29, the parties "may stipulate that a deposition may be taken before any person [or] at any time or place...." Fed. R. Civ. P. 29(a).

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's Motion for Protective Order (ECF No. 33) is **GRANTED**. Plaintiff is hereby ordered to conduct the depositions of Chris Thielbar and Jim Lefebvre in Tacoma, Washington, absent further stipulation between the parties.

2. Defendant's Motion to Expedite (ECF No. 38) is **GRANTED**.

The District Court Executive is directed to enter this Order and furnish copies to the parties.

**DATED** November 27, 2017.



THOMAS O. RICE
Chief United States District Judge